UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

SHANE A. GOLSTON
(PRISONER NO.: 32461),
        Petitioner,

Vs.

MOFFAT CURTIS
WARDEN, WYOMING HONOR FARM

MARGARET M. WHITE,
DIRECTOR, WYOMING PROBATION AND
PAROLE DEPARTMENT;

KYA GALLO
WYOMING DEPARTMENT OF
CORRECTIONS RECORDS MANAGER

        Respondents.

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 01 2024
10:45 am
Margaret Botkins, Clerk
Cheyenne

Case no.:  24-cv-00089

# PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241
### Oral Argument Requested

FOR *Pro Se* PETITIONER:

    Shane A. Golston
    32461 WHF
    40 Honor Farm Rd.,
    Riverton, Wyo. 82501

ATTORNEY FOR RESPONDENTS:

_____
_____
_____
_____

## I. *JURISDICTION*

Petitioner submits this Petition pursuant to section §2241 of title 28 of the United States Code, wherein, an inmate is entitled to habeas corpus relief only if: (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or (5) It is necessary to bring him into court to testify or for trial. 28 U.S.C. 2241 (c) (1-5). This Court has jurisdiction under 2241 of Title 28 of the United States Cod; Article I, section 9, clause 2 of the United States Constitution ("Suspension Clause"); and section 1331 of Title 28 of the United States Cod, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States.

## II. QUESTION FOR REVIEW:

I.    Whether the withholding of "street time credit" time spent *in the legal custody* has inevitably affected the duration of petitioner's sentence because "*Street time credit is addressed by a dispositive Wyoming statute (§7-13-404(a) and §7-13-1803(c)(i)) which then leaves attack on denied credit to be a constitutional issue directed to the validity of the statute*"? Sandin v. Conner, 515 U.S. 472, 487 (1995), Heffernan, 824 P.2d 1271, 1272 (Wyo.1992); (*W.S. §7-13-404* was amended, effective July 1, 2019, substituted "*credit shall be awarded toward*" for "*no credit shall be given against*")

### III. *PROCEDURAL HISTORY*

1) Petitioner was arrested and charged June, 2018 under Wyo. Stat. §35-7-1031(a)(ii), Unlawful manufacture or delivery; counterfeit substance; unlawful possession and remained in county jail until sentencing April, 2019.

2) Petitioner was sentenced April 10, 2019 to not less than three (3) years and not to exceed more than five (5) years with only sixty four (64) days presentence credit out of the three hundred and five (305) days. *Form #160 Sentence Information Document (SID) Attached.*

3) Petitioner arrived at the WDOC facility on April 23, 2019. *SID attached*

4) Petitioner was placed on street parole *in the legal custody* of the Wyoming Department of Probation and Parole (W. D. P. P.) Campbell county office March 31, 2021 and completed three hundred and ninety four (394) days on parole. *SID attached*

5) Petitioner violated parole May 12, 2022 and remained in county jail fourteen (14) days, which was never credited and only received thirty (30) days credit out of the three hundred and ninety four (394) days street time. *SID attached*

6) Petitioner was returned back out on street parole *in the legal custody* of the W. D. P. P. office September 29, 2022 and completed three hundred and eighty nine (389) days. *SID attached*

7) Petitioner violated parole the second time November 16, 2023 and remained in the county jail for thirty (30) days, from Oct. 16, 2023 to Nov. 16, 2023, which has not been credited to the sentence, with zero credit for street time. *SID attached*

8) A total of six-hundred and ninety six (696) days while in the legal *custody* of the W. D. P. P. office has been withheld. *SID attached*

9) The failure of both *Margaret White* and *Kya Gallo* to deduct the six-hundred and ninety six (696) of street time from the sentence has *inevitably affects the duration* of petitioners' sentence by adding an additional fifty eight (58) months, extending the sentence from *June, 2023 to February 26, 2026. SID attached*

## IV. *EXHAUSTION ANALYSIS*

Petitioner was unable to find any adequate procedural mechanism that would allow the state court to review his claims. There are no available remedies in the state courts that review procedures for the Wyoming Department of Probation and Parole decisions and therefore the only available procedure is through the Federal Courts.

## V. *OPENING STATEMENT*

**COMES NOW**; Petitioner pursuant to 28 U.S.C §2241, hereby charges Margaret White, Director of the Wyoming Department of Probation and Parole (W. D. P. P.) and Kya Gallo, Records Manager, of the Wyoming Department of Corrections (W.D.O.C.) whose job it is to calculate inmate's time, do paroles, releases and to maintain inmate base files, with maliciously adding an additional six-hundred and ninety six (696), fifty eight (58) months to the remainder of his five (5) year sentence while *in legal custody under the* W. D. P. P. office *supervision*.

Here a parole revocation would be considered a disciplinary action "sanction". "[P]rotected liberty interests are at issue when the prison inmate is subjected to: ...disciplinary actions that '*inevitably affect the duration of his sentence*.'" Marshall v. Morton, 421 F. App'x 832, 837 (10th Cir. 2011) (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). Thus leaves attack on denied credit to be a constitutional issue directed to the validity of the statute.

The Courts ruling under Jones, "*the term 'custody*,' however, is not limited solely to physical confinement. For example, individuals on parole, probation, or bail may be in custody, see McVeigh and Rutherford; ("Although [Petitioner] has been released from prison, his status as a parolee is sufficient to render him *'in custody'*. "A prisoner need not be incarcerated to satisfy the custody... Despite his release from prison, the petitioner is still required to report regularly to a parole officer, remain in a particular community, residence, and job, and refrain from certain activities... Courts have long recognized that an order of supervision...which "significantly

5
Petitioner for Writ of Habeas Corpus pursuant to §2241

confine[s] and restrain[s]" an individual's freedom, places that individual "*in custody*"... Parole or mandatory supervised release (MSR) constitutes "custody." Release on parole or MSR falls within that definition of "custody"..." *Jones, v. Aldridge, 2021 U.S. Dist. LEXIS 33998; McVeigh, 872 F.2d 725, 727 (6th Cir. 1989) and Rutherford v. Denver Dist. Ct., 163 F. App'x 736, 737 n.1 (10th Cir. 2006).*

All the time spent *in custody*, under supervision **shall** be credited towards the remainder of the sentence. Because, the statutes relied upon here provides; a person out on conditional releases to include "probationers, parolees, treatment (residential or nonresidential) or bail **is in the legal** *custody* and upon the violation of their conditional releases, the board, in computing the remainder of the sentence to be served shall credit and award **all time in custody** related to the compliance violation toward the remainder of the sentence, and they will be returned to the institution, unless the board directs otherwise. See *§ 7-13-404(a) and §7-13-1803(c)(i)*

## VI. STANDARD OF REVIEW

> A petitioner seeking habeas corpus relief must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement..." Meek v. Jordan, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). An inmate must show that the punishment will "inevitably affect the duration of his sentence." Sandin, 515 U.S. at 487.

**FIRST ARGUMENT –**

1. Petitioner was arrested *June, 2018* and sentenced *April 10, 2019* to not less than three (3) years and not to exceed more than five (5) years and arrived at the WDOC facility on *April 23, 2019*.

2. Therefore, legally petitioner began serving his three (3) to five (5) year sentence *June, 2018*, and would fully discharge *June, 2023*, this is without any earned good time credit.

3. However, even if the court would only calculate from the time of sentencing, *April 10, 2019*, minus the sixty four (64) day credit, petitioner would have been fully discharged *February 6, 2024*, this is also without any earned good time calculated into it.

4. However, by a closer review of the SID attached and any other WDOC records that might be submitted by parties, the court will find that petitioner's full discharge date to be *February 26, 2026*. This is because Ms. White and Ms. Gallo failed to deduct six-hundred and ninety six (696) of street time credit, which has *inevitably affects the duration* of petitioners' sentence by fifty eight (58) months.

5. Petitioner was placed on street parole *in the legal custody* of the W. D. P. P. office in Campbell County, Wyo. *§ 7-13-403(a)*, "A parolee is in the legal custody and under the control of the board..."

   a. **First time paroled** - *March 31, 2021* and successfully completed three hundred and ninety four (394) days on parole. *SID* attached
   b. **Second time paroled** - *May 12, 2022* and successfully completed three hundred and eighty nine (389) days. *SID* attached

6. Petitioner was returned to the WDOC *November 16, 2023* in violation of parole and has remained incarcerated to date.

7. Ms. Gallo and Ms. White have added an additional, fifty eight (58) months to the remainder of petitioners' five (5) year sentence, denying him all six-hundred and ninety six (696) days that he has successfully completed on parole, street time credit, which has in and of itself, "*inevitably affects the duration* of petitioners' sentence" by extending the sentence from *June, 2023 to February 26, 2026*. A violation pursuant to Wyo. Stat. § 7-13-404(a) and §7-13-1803(c)(i). *SID* attached

8. However, "*Street time credit is addressed by a dispositive Wyoming statute*

*which then leaves attack on denied credit to be a constitutional issue directed to the validity of the statute*", because the language of the Wyoming statute in effective July 1, 2019, substituted "*credit shall be awarded toward*" for "*no credit shall be given against*") which adopt rules and regulations to establish a system that created the right to receive "*all time in custody.*" See *Heffernan, 824 P.2d 1271, 1272 (Wyo.1992)*.

9. The State of Wyoming, by statute and rule, as recognized and established a "liberty" interest in earned street time credit.

10. Therefore, petitioner is entitled to have the full six-hundred and ninety six (696) day street time credited while *in the legal custody* under the W. D. P. P. supervision.

11. Under the American Bar Association Standards for Criminal Justice, grants a comprehensive credit that treats all periods of confinement attributable to the underlying criminal transaction as equivalent, no matter what label is attached to such incarceration.

*REVOCATION* is defined as "*sanction*"

12. A revocation is defined as a "*sanction*" and falls within the Wyoming Statute § 7-13-403(c) The board shall consider imposing a sanction under W.S. 7-13-1801 through 7-13-1803 before ordering a parole violator to be returned to the custody of the department to serve the remainder of the original sentence.

13. Under W.S § 7-13-1803 Procedure for imposing sanctions, (c) Any imposition of custodial sanctions shall be subject to the following conditions: (i) "All time in custody" related to the compliance violation shall be credited toward the defendant's, probationer's, parolee's or conditional releasee's sentence;

14. When a probationer's, parolee's or conditional releasee's violates their conditions of release, they are *sanctioned* also referred to as *revocation* and *return to the institution*.

*§7-13-1803* Procedure for imposing sanctions;

    (c) *Any imposition of custodial* sanctions **shall be subject to the following conditions**: (Emphasis added.) [1]

    (i) *All time in custody related to the compliance violation shall be credited toward the defendants, probationers, parolees or conditional releases sentence*; (Emphasis added.)

    (d) A hearing shall be held before custodial sanctions are imposed.

    (ii) The probationer is a qualified offender whose *probation has been previously revoked pursuant to W.S. §7-13-1303(d)* (Emphasis added.)

15.    Therefore, all *revocations* are considered *custodial sanctions* and the probationer's, parolee's or conditional releasee's are *sanctioned* by *revocation*, a violation of a condition of probation, parole or conditional release and *return to the institution*, unless the board directs otherwise and returns them back out on probation, parole or conditional release.

16.    The legislatives' plain language presents a clear meaning within the applicable Wyo. Stat. to include §7-13-403, §7-13-404, §7-13-1803, has defined *"all time in custody shall be awarded...on all conditional releases"* as follows;

*§7-13-401*, Definitions; *"in custody"*

    (a) As used in W.S. §7-13-401 through §7-13-424:

*§7-13-403*;

    (a) A parolee is *in the legal custody* and under the control of the board..."

    (b) Unless otherwise ordered by the board or when the parole violator is ordered to complete a *sanction* under *W.S. §7-13-1801 through §7-13-1803*, a parole violator shall be returned to the custody of the department to serve the remainder of the original sentence. (Emphasis added.)

    (c) The board shall consider imposing a *sanction under W.S. §7-13-1801 through §7-13-1803* before ordering a parole violator to be returned to the custody of the department to serve the remainder of the original sentence. Reference to §7-13-1803(c)(i) and 404(a)

---

[1]   *Note: the term Custodial is also defined in the dictionary as; Supervisory*, which would fall under conditional release.

*§ 7-13-404*; Computing remainder of sentence for parole *violator*.

> (a) In computing the remainder of the sentence to be served by a parole *violator, credit shall be awarded* toward his original sentence *for any portion of the time that the person has not violated a condition* of parole between his release on parole and his return to the institution unless the board directs otherwise. *See Id. Supra. §7-13-403(b)(c)* (Emphasis added.)

17. Therefore, under the W.S. § 7-13-404, In computing the remainder of the sentence to be served by a parole violator, credit "shall" be awarded toward his original sentence for any portion of the time that the person has not violated a condition of parole between his release on parole **and his return to the institution**, *unless the board directs otherwise.*

18. *Notice* how Statute *§ 7-13-404* appears to be conflicting, ambiguous and obscure. the legislature has not made the Statute mandatory with the choice of the word "*shall*" and then give the board discretion to do whatever suits them beast at the time.

19. The statute it being misinterpret by the Board, can it be mandatory and absence of discretion, and discretionary at the same time, would not be ambiguous?

20. The Supreme Court of Wyoming has consistently found the word "shall" in a statute to be mandatory. In the interest of: JN, minor child, RN, v. The State of Wyoming. 534 P3d 455 (2023 Wyo.) "We have consistently found the word 'shall' in a statute to be mandatory." See Stutzman v. Office of Wyo. State Eng'r, 130 P.3d 470, 475 (Wyo. 2006) ("Where the legislature uses the word 'shall,' this Court accepts the provision as mandatory and has no right to make the law contrary to what the legislature prescribed.") See Rcher v. Kallista Mills, 491 P.3d 260, 262 (Wyo. 2021), the word "shall" in a statute is mandatory. The choice of the word "shall" intimates an absence of discretion.

21. When the legislature *amended this Statute effective July 1, 2019*, and substituted "*credit "shall" be awarded toward*" for "no credit shall be given against".

22. The legislature did not give the Wyoming Department of Probation and Parole discretion to apply the statute however it best suited them for implying a sanction.

23. The statute cannot be both mandatory and yet discretionary at the same time, or it would ambiguous.

24. The Statute clearly states;

   a. That all time in custody "shall" be *awarded toward his original sentence for any portion of the time that the person has not violated a condition* of parole between his release on parole and his return to the institution,

   b. unless the board directs otherwise, (discretion to reinstate his parole only and not withhold street time)

25. Giving the board discretion to reinstate his parole, but in no case does it give the Wyoming Department of Probation and Parole discretion in granting or denying street time credit, as it is mandatory per the choice of the word "shall" used in the statute by the legislature. See W.S. § 7-13-401 through § 7-13-404 and § 7-13-1801 through § 7-13-1803

26. The word shall in a statute is mandatory and intimates an absence of discretion, therefore the legislature does not give the board discretion to withhold street time credit or the Statute would be conflicting, ambiguous and obscure.

27. Therefore, §7-13-404 has been misconstrued to be interpreted as; "credit shall be awarded…unless the board directs otherwise", because the language within the statue appears to be ambiguous and obscure, it presents an indefiniteness of expression.

28. However, this interpretation would also contradict with the language used in Wyo. Statute §7-13-1803 that states "all time in custody shall be awarded…" on "conditional releases" to include, probationers, parolees, treatment (residential or nonresidential) and bail.

29. "The rule of lenity provides that in construing an ambiguous criminal statute, a court should resolve any ambiguity in favor of the defendant." See Adekale 344 P.3d 761, 768 (Wyo. 2015): Amrein, 836 P.2d 862, 864-65; (1992 Wyo.) and Reichert, 425 P.3d 990; (2018 Wyo.).

30. Previous Supreme Court rulings have determined "the rule of *lenity* provides that in construing an ambiguous criminal statute, a court should resolve any ambiguity in favor of the defendant." The rule is that when a court is faced with two reasonable interpretations of a criminal statute, penal statutes are to be strictly construed against the government and should adopt the less punitive alternative. The Supreme Court will find an ambiguity in a restrictive covenant only if it is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present. In the absence of such an ambiguity, the Supreme Court adheres to the covenant's plain and ordinary meaning without reference to attendant facts and circumstances or extrinsic evidence. Statutory construction and legislative intent will control the determination whether, applicable general principles of statutory construction include: if the language is clear and unambiguous, we must abide by the plain meaning of the statute; if a statute is ambiguous, we may resort to general principles of construction; an ambiguous statute is one whose meaning is uncertain and susceptible of more than one meaning; and in a criminal statute, an ambiguity should be resolved in favor of lenity. See Adekale ¶ 25, 344 P.3d 761, 768 (Wyo. 2015): Amrein, 836 P.2d 862, 864-65; (1992 Wyo.). Reichert, 425 P.3d 990; (2018 Wyo.).

31. All the time spent in custody, under supervision to include the above, shall be credited towards the remainder of the sentence. Because, the statutes relied upon here provides: a person out on conditional releases to include "probationers, parolees, treatment (residential or nonresidential) or bail is in the legal custody and upon the violation of their conditional releases,

the courts or the board, in computing the remainder of the sentence to be served shall credit and award all time in custody related to the compliance violation toward the remainder of the sentence, and they will be returned to the institution, unless the board directs otherwise.

32. Clearly "street time credit is addressed by a dispositive Wyoming statute which then leaves attack on denied credit to be a constitutional issue directed to the validity of the statute" Id. at {824 P.2d at 1272}. The intent of the legislature was to award all time in custody toward the original sentence per the use of the word "*shall*" in the two Statutes, 404 and 1803. "Where the legislature uses the word 'shall,' this Court accepts the provision as mandatory and has no right to make the law contrary to what the legislature prescribed."

33. The statute was amended, effective July 1, 2019, substituted "credit shall be awarded toward" for "no credit shall be given against", it mandates that the court go back and revisit the precedence set under Heffernan, (824 P.2d at 1272); to determine whether or not "Street time credit is addressed by a dispositive Wyoming statute which then leaves attack on denied credit to be a constitutional issue directed to the validity of the statute. W.S. §7-13-404 and W.S. §7-13-1803(c)(i).

34. Petitioners has a constitutional right to the *equal protection* of the law and receive full credit for all time spent in the legal custody under the W. D. P. P. that he has successfully completed. This right is a protected right guaranteed to him through the constitution by a dispositive Wyoming statute amended, effective July 1, 2019, "credit shall be awarded toward".

35. Therefore, a failure to credit street time of six-hundred and ninety six (696) days, fifty eight (58) months, in and of itself, "*inevitably affects the duration* of petitioners' sentence.

## VII. *RELEVANT FACTS OF THE CASE*

I. Street time credit is addressed by a dispositive Wyoming statute (§7-13-404(a) and §7-13-1803(c)(i)) which then leaves attack on denied credit to be a constitutional issue directed to the validity of the statute.

II. W.S. §7-13-404 was amended, effective July 1, 2019, substituted "credit shall be awarded toward" for "no credit shall be given against"

III. *Ms. White*, Director of the W. D. P. P., and *Ms. Gallo*, Records Manager, of the W.D.O.C., has a legal *duty* to calculate inmate's time, do paroles, releases and to maintain inmate base files.

IV. Petitioner began serving his three (3) to five (5) year sentence *June, 2018* when he was incarcerated and unable to make bond and would discharge the sentence no later than *June, 2023*. *SID* attached

V. Petitioner was placed on street parole *in the legal custody* of the W. D. P. P. office in Campbell County, Wyo. and successfully completed three hundred and ninety four (394) days the first time and successfully completed three hundred and eighty nine (389) days the second time.

VI. Petitioner successfully completed six-hundred and ninety six (696) days on parole that has not been credited to his sentence.

VII. The failure to deduct time spent **in the legal** *custody*, "Street time credit", six-hundred and ninety six (696) days, fifty eight (58) months has been added to the remainder of petitioners' five (5) year sentence under the W. D. P. P. has in and of itself, "*inevitably affects the duration* of petitioners' sentence" and leaves attack on denied credit to be a *constitutional issue* directed to the validity of the statute. It has extending his sentence from *June, 2023 to February 26, 2026*. A violation pursuant to Wyo. Stat. § 7-13-404(a) and §7-13-1803(c)(i).

...

## VIII. RELIEF SOUGHT

a) Petitioner respectfully petitions this court to grant his Habeas Corpus pursuant to 28 U.S.C. §2241

b) Order that *Margaret White* and *Kya Gallo* correct their mistake and credit all time, a total of six-hundred and ninety six (696) days street time credit to be deducted from his full term sentence while *in the legal custody* under the W. D. P. P. which of itself, has inevitably affect the duration of his sentence.

c) Order that *Margaret White* and *Kya Gallo* to abide by the law and fix every inmates' records to insure that all inmates are being treated equally as the constitution requires.

## IX. IN CONCLUSION

It is obvious from the file and pleadings before the Court, with the forgoing discussion that Petitioners. time spent in custody. street time credit, under the W. D. P. P. was withheld and added to his sentence. has in and of itself, *"inevitably affects the duration* of petitioners' sentence" and leaves attack on denied credit to be a constitutional issue directed to the validity of the statute.

**WHEREFORE:**

Petitioner, respectfully moves the Court to GRANT his Habeas Corpus pursuant to 28 U.S.C. § 2241 and credit his sentence with the full six-hundred and ninety six (696) days while in custody and whatever else the court deems appropriate.

Respectfully submitted this 25 day of April, 2024

BY: _____
Shane Golston

Barbara Lee 4-25-24

BARBARA LEE
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 148486
MY COMMISSION EXPIRES: 03/10/2029

15
Petitioner for Writ of Habeas Corpus pursuant to §2241

## DECLARATION UNDER PENALTY OF PERJURY

I, Shane A. Golston, declare under penalty of perjury that the foregoing Petition for Writ of Habeas Corpus is true and correct.

Dated this 25 day of April, 2024

Shane Golston

EXECUTED before me on this 25 day of April, 2024

Barbara Lee
NOTARY PUBLIC

BARBARA LEE
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 148486
MY COMMISSION EXPIRES: 08/10/2029

## CERTIFICATE OF SERVICE

I, Shane Golston, affirm under the penalty for perjury that the WHF institution does not have a legal mail box therefore I used the institution's regular mail system to send the Pro Se Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus with first-class postage prepaid addressed to the: **Office of the Clerk of the United State District Court, District of Wyoming, 2010 Capitol Avenue, Suite 2131, Cheyenne, Wyoming. 82001.**

Dated this 25 day of April, 2024

Shane Golston

CC:

MARGARET M. WHITE,
Executive Director
Wyoming Probation and Parole Department; 3120 Old Faithful Road, Suite 300
Cheyenne, Wyoming 82002;

KYA GALLO
Records Manager
WDOC
W.S.P. P.O. Box 400
Rawlins, WY 82301

Attorney General
109 State Capitol
Cheyenne Wyoming 82002-001

MOFFAT CURTIS
Warden, Wyoming Honor Farm
40 Honor Farm Rd.,
Riverton, Wyo. 82501

Shane Golston #32461
WHF
40 Honor Farm Rd
Riverton Wy. 82501

quadient
04/25/2024
US POSTAGE $002.35⁰
FIRST CLASS MAIL
ZIP 82501
041M11470470

Attn {: Clerk of the United States
      {: District Court, District of Wyoming}

210 Capitol Ave, Suite 2131
Cheyenne, Wyoming. 82001

**LEGAL MAIL**

Legal Mail 22



RECEIVED
APR 2 5 2024
DOC - WHF